

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**HANNAH V. FADDIS**
*Senior Counsel*
Phone: (212) 356-3159
Fax: (212) 356-3509
hfaddis@law.nyc.gov

April 8, 2020

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Shara Calixte v. City of New York, et al.,
              20 Civ. 1062 (JMF)

Your Honor:

      I am the attorney assigned to represent defendant the City of New York in the above-referenced matter.[1] The City writes in response to the Court's March 9, 2020 Valentin Order (ECF No. 6), and to respectfully request that the Court stay proceedings in this case for 90 days, in light of the COVID-19 pandemic.[2] This is the City's first request for a stay of proceedings. Plaintiff consents to the requested relief.

      By way of background, plaintiff filed her Complaint on February 6, 2020. (ECF No. 2). Plaintiff alleges that on December 21, 2017 at the New York City Human Resources Administration ("HRA") offices at 12 West 14th Street, two security guards used excessive force in transporting plaintiff out of the building. (Id.) On March 9, 2020, the Court issued an Order of Service directing this Office to identify the "John Doe" and "Jane Roe" security guard defendants named in the Complaint within sixty days, by May 8, 2020. (ECF No. 6).

      In response to the Court's Valentin Order, this Office has taken steps to gather the documentation necessary to identify the "John Doe" and "Jane Roe" defendants in this case. However, this Office is presently constrained in its ability to communicate with client agencies, including HRA, due to the ongoing COVID-19 outbreak.

---

[1] This case is assigned to Assistant Corporation Counsel Andrew B. Spears, who is presently awaiting admission to this Court and is handling this matter under my supervision. Mr. Spears may be reached directly at (212) 356-3159 or aspears@law.nyc.gov.

[2] In the alternative, the City respectfully requests that the Court extend the deadline to identify the "John Doe" and "Jane Roe" defendants in this case, by 90 days.

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York was in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency, as well. That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, working from home creates accessibility problems with regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, identify unnamed defendants, fully assess cases, and otherwise conduct regular business.

Moreover, the agencies defendants must regularly communicate and coordinate with, *e.g.*, HRA, are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices. Accordingly, this Office is currently unable to identify the John and Jane Doe defendants, and does not anticipate that it will be able to do so by the Court-ordered May 8, 2020 deadline. Further, due to the lack of available documentation, this Office will be constrained in its ability to investigate the claims and defenses in this case.

For the foregoing reasons, this Office respectfully requests that the Court: (1) grant a stay of all proceedings in this case for 90 days, in light of the circumstances; and (2) adjourn the date for compliance with the Valentin Order to 30 days after the lifting of the stay. This Office is prepared to provide the Court with periodic updates regarding the status of this matter, as needed.

The City of New York thanks the Court for its time and attention to this matter.

Respectfully submitted,

_____/s
Hannah Faddis
*Senior Counsel*
Special Federal Litigation Division

**BY EMAIL**
Shara M. Calixte
390 9th Avenue
New York, NY 10001
(646) 820-4644
panama242424@aim.com

Application GRANTED.  This matter is STAYED for 90 days.  By July 13, 2020, the parties shall submit a joint letter advising the Court whether the stay should be lifted.  The Clerk of Court is directed to terminate ECF No. 10.  Chambers will mail a copy of this Order to Plaintiff.  SO ORDERED.

April 13, 2020

3

**DECLARATION OF SERVICE BY E-MAIL**

        I, Andrew B. Spears, declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that on April 8, 2020 I served the following:

    i.    Letter Motion to Stay Proceedings, dated April 8, 2020

in the case captioned Calixte v. City of New York, et al., 20 Civ. 1062 (JMF), by attaching a copy of the same to an e-mail, upon the following:

Shara M. Calixte
390 9th Avenue
New York, NY 10001
(646) 820-4644
Email: panama242424@aim.com

Dated:  New York, New York
        April 8, 2020

                                      *Andrew B. Spears*
                                      Andrew B. Spears
                                      *Assistant Corporation Counsel*
                                      Special Federal Litigation Division