UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHARA M. CALIXTE,

                              Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE SERGEANT CHRISTOPHER ROSA; and POLICE SPECIAL OFFICER NATASHA BLOUNT,

                              Defendants.

1:20-CV-1062 (JMF)

ORDER OF SERVICE

---

JESSE M. FURMAN, United States District Judge:

      Plaintiff Shara M. Calixte, appearing *pro se*, brings this action against the City of New York (the "City") and two police officers under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990. On March 6, 2020, the Court entered an order directing service on the City and directing counsel for the City to assist Calixte in identifying the two police officers. *See* ECF No. 6. On July 13, 2020, the City identified the two police officers as Police Sergeant Christopher Rosa, and Police Special Officer Natasha Blount and requested that the Court set the City's time to answer, which had been stayed in light of the COVID-19 pandemic. *See* ECF No. 13. The Court entered an order directing Calixte to file a Second Amended Complaint naming the two officers and indicating that it would enter further orders regarding service and Defendants' deadlines to answer. *See* ECF No. 14. Thereafter, Calixte timely filed a Second Amended Complaint naming the City, Sergeant Rosa, and Officer Blount. *See* ECF No. 16.

      Having reviewed the Second Amended Complaint, the Court directs service on Sergeant Rosa and Officer Blount. (Because the City previously appeared in this matter, the docketing of the Second Amended Complaint constitutes service on the City.) Thus, the Court directs the Clerk of Court to issue summonses for Sergeant Rosa and Officer Blount.

      Under normal circumstances, the Court would direct the Clerk of Court and/or the U.S. Marshals Service to effect service on Sergeant Rosa and Officer Blount. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Complicating matters, however, counsel for the City did not provide a physical mail address for service on Sergeant Rosa and Officer Blount; instead, counsel provided only an email address, explaining in a footnote that "service is being accepted via email to this address temporarily due to the temporary closure of physical locations in light of the ongoing COVID-19 pandemic." ECF No. 13, at 2 n.1. That is understandable, but — unfortunately — neither the Clerk of Court nor the U.S. Marshals Service is able to effect service by email.

Accordingly, no later than **October 26, 2020**, counsel for the City shall file a supplemental letter either (1) indicating that it is willing either to accept service on behalf of Sergeant Rosa and Officer Blount (and, if necessary, that it is authorized to do so) or to effect service on them by email itself; or (2) providing physical mail addresses at which they could be served by the U.S. Marshals Service. In light of the delays that service by regular mail could cause, the Court urges counsel for the City to accept or effect service by email itself.

The Clerk of Court is directed to (1) issue summonses for Police Sergeant Christopher Rosa and Police Special Officer Natasha Blount; and (2) mail a copy of this Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 19, 2020
         New York, New York

                                            _____
                                            JESSE M. FURMAN
                                            United States District Judge